**Thomas E. Beck, Esq. (SBN 81557)**
**THE BECK LAW FIRM**
10377 Los Alamitos Boulevard
Los Alamitos, California   90720
Telephone:    (562) 795-5835
Facsimile:    (562) 795-5821
Email:    becklaw@earthlink.net

**Narine Mkrtchyan, Esq. (SBN 243269)**
**LAW OFFICE OF NARINE MKRTCHYAN**
117 W. 9th Street, Suite 1001
Los Angeles, CA 90015
Telephone:    (818) 388-7022
Facsimile:    (818) 243-3611
Email:    narine56@msn.com

Attorneys for Plaintiff Adon Howard

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

1

| | |
|---|---|
| ADON HOWARD, <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF LOS ANGELES, CARLOS GONZALEZ #39642, individually and as a peace officer, RAMON BORUNDA #38727, individually and as a peace officer, HECTOR BEAS #38726, individually and as a peace officer, RICHARD DELGADO #39866, individually and as a peace officer, JOEL DOMINGUEZ #40030, individually and as a peace officer, ANDREW JENKINS #40039, individually and as a peace officer, Detective JOHN PARRA #27807, individually and as a peace officer, Sergeant JOEY REYNA #33185, individually and as a peace officer, Lt. ALCENDA NEAL #30599, individually and as a peace officer, Captain JEFFREY BERT #33112, individually and as a peace officer and DOES 1-10 . <br><br> Defendants. <br> _____ | Case No. 2:14-cv-03687 <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1.  Violation of Civil Rights <br>       (42 U.S.C.    §1983) <br> 2.  *Monell* Claim <br>       (42 U.S.C. §1983) <br> 3.  Violation of Civil Rights <br>       (42 U.S.C §1985(2)) <br> 4.  Violation of Civil Rights <br>       (42 U.S.C. §1985(3)) <br> 5.  Assault and Battery <br> 6.  False Arrest <br> 7.  Torts in Essence <br> 8.  Intentional Infliction of Emotional Distress <br> 9.  Negligence <br> 10.  Negligent Employment <br> 11.  Banes Civil Rights Claim <br><br> **DEMAND FOR JURY TRIAL** |

## JURISDICTION

1.     Jurisdiction of this court is invoked under 28 U.S.C. §§ 1343, (1), (2), (3) and (4). This action at law for money damages arises under Title 42 U.S.C. Section 1983 and the United States Constitution, the laws of the State of California and common law principles to redress a deprivation under color of state law of rights, privileges and immunities secured to Plaintiff by said statutes, and by the First, Fourth, and Fourteenth Amendments of the United States Constitution.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

2.    At all times herein mentioned, Plaintiff ADON HOWARD was an African American resident of the County of Los Angeles, City of Compton.

3.    At all times herein mentioned, Defendants Officer CARLOS GONZALEZ #39642, Officer RAMON BORUNDA #38727, Officer HECTOR BEAS #38726, Officer RICHARD DELGADO #39866, Officer JOEL DOMINGUEZ #40030, Officer ANDREW JENKINS #40039, Detective JOHN PARRA #27807, Sergeant JOEY REYNA #33185, Lt. ALCENDA NEAL #30599, Captain JEFFREY BERT #33112, and DOES 1-10, inclusive and each of them, were employees of the CITY OF LOS ANGELES, and LOS ANGELES POLICE DEPARTMENT assigned to the Southeast Station in the City of Los Angeles.

4.    Defendant CITY OF LOS ANGELES (hereinafter referred to as "CITY") is and at all times herein mentioned has been a public entity and an incorporated city duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant CITY has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the LOS ANGELES POLICE DEPARTMENT, (LAPD) and particularly said Department's Patrol, Internal Investigations and Training and Personnel Divisions and other operations and subdivisions presently unidentified to Plaintiff, and their tactics, methods, practices, customs and usages related to internal investigations, personnel supervision and records maintenance, the use and deployment of dangerous weapons, the use of force, and powers of arrest by its rank and file.

5.    Plaintiff is informed and believes and thereon alleges that each of the Defendants designated as a DOE is intentionally and negligently responsible in some manner for the events and happenings herein referred to, and thereby proximately caused injuries and damages as herein alleged.   The true names and capacities of DOES 1 through 10, inclusive, and each of

them, are not now known to Plaintiff who therefore sues said Defendants by such fictitious names and will be added to this action as provided by California Code of Civil Procedure Section 484.

6.    Defendants, and each of them, did the acts and omissions hereinafter alleged in bad faith and with knowledge that their conduct violated well established and settled law.

7.    The incidents complained of began near midnight July 4, 2012. Plaintiff (46) was at all times herein mentioned a resident of Nickerson Gardens, a low income community housing project in the City of Los Angeles. Community residents, predominantly African-Americans and some Hispanics, were celebrating Independence Day in the vicinity of E. 112th St. and Zamora. Multiple groups of men, including plaintiff, women and children were gathered in celebration of the Independence Day. Fireworks were lit, tents were placed with DJ music, food and drinks. A phone call was placed to 911 by a family complaining of 'male blacks lighting fireworks into [their] apartment'. At about 23:30 hours, multiple LAPD patrol cars and officers began responding and congregated near the intersection of E. 111th Pl. and 112th Streets. Rather than attend directly to the call for assistance, a decision was made by unknown defendants to put an end to the fireworks and disperse the revelers who were lawfully congregated and committing no offenses. Nonetheless, multiple police officers began rudely pushing, shoving and hitting people who were leaving at the sight of the large number of police, including multiple LAPD helicopters overhead.

Plaintiff stood by to witness the police aggressively form a skirmish line and move *en mass* towards a group of people in a parking lot. As this group of officers approached, plaintiff who was at the time standing on a public sidewalk, asked defendant GONZALEZ, 'What is going on?' GONZALEZ replied, 'We are going to bust this party!' Plaintiff said, 'But it is the Fourth of July.' For no reason other than having made that statement, suddenly, out of nowhere,

GONZALEZ forcefully pushed plaintiff on his chest. As the use of force came without warning, Plaintiff stumbled backwards, trying to keep his balance. It was in this moment defendants BORUNDA and BEAS came from behind GONZALEZ in the skirmish line, also without saying a word, grabbed Plaintiff by an arm and violently took Plaintiff face down on the ground and jumped on Plaintiff's back. Then they, along with defendants DELGADO, JENKINS and DOMINGUEZ began to strike plaintiff with batons, kick him with their booted feet and punch the plaintiff with closed fists as he lay on the pavement as they jammed plaintiff's face down onto sidewalk as plaintiff and bystanders cried out for the officers to stop. Ignoring the civilian bystanders and plaintiff's cries, defendants repeatedly kicked and struck him with batons in his thighs, legs, and back, stomped on his hands, hit in the head and punched plaintiff in the face. Plaintiff had committed no crime and was not told by any defendant that what they claimed later to be doing to him was an arrest, thereby violating California Penal Code section 841. Defendants lost all interest in their ostensible crowd dispersal efforts and continued to focus their violence against the plaintiff. A bystander, after having shouted at the defendants to stop hurting the plaintiff, threw a firework at them, which succeeded in drawing the defendants off the plaintiff. Defendants BORUNDA and DELGADO handcuffed the Plaintiff, hobbled on his legs, hooked a cord from the hobble to the handcuffs "hog tying" plaintiff and lifted him up by the handcuffs. This maneuver severely injured plaintiff's shoulders. As they lifted him from the ground, they took plaintiff's cell phone from his hands and removed the internal SIM card and failed to account for this piece of plaintiff's personal property. Plaintiff is informed and believes defendants destroyed his SIM card to destroy evidence of their wrongdoing. Defendants DELGADO, GONZALEZ, BORUNDA and BEAS then dragged plaintiff to a police car.

Witnesses watching this unprovoked violent assault were completely outraged. Women were screaming at the defendants, 'Why?! He didn't do anything!' Many in the crowd were video recording the events on their cell phones and while plaintiff was being dragged to a police car, unknown persons began throwing more fireworks at the police.

Despite the fact the Plaintiff complained of pain and injuries, exhibited visible injuries, and could not walk due to pain, the arresting officers failed and refused to provide medical attention to him at the scene, in willful disregard to his health and safety. No defendants summoned paramedics nor made any attempts to properly identify percipient witnesses to their actions or to obtain video recording of which they knew.

Defendant Sergeant JOEY REYNA was a supervisor at the scene of his subordinates' attack against the plaintiff and although he was able, made no attempts to intervene and stop the unlawful beating of Plaintiff and joined in the conspiracy to cover up the wrongful conduct as part and parcel of his Use of Force investigation in which he ratified all of his officers' unconstitutional wrongdoing.

Plaintiff was taken to the station, and complained of his injuries to defendant NEAL who was at that time the assigned Watch Commander, and to Sergeant REYNA. Notwithstanding his requests and complaints of injury, plaintiff was denied appropriate medical treatment. To put themselves in the best light possible, Defendants and each of them, conjured up a story in which plaintiff allegedly resisted "arrest" with force and violence, and authorized plaintiff to be booked and later prosecuted for four counts of Cal. PC section 69 as felonies (resisting executive officer with use of force or violence). Relying on the facial validity of the defendants' false and self serving crime and arrest reports, the Los Angeles County District Attorney filed *People v. Adon Howard*, TA123905. Plaintiff plead not guilty and demanded jury trial at arraignment. A preliminary hearing was held on January 9, 2013 wherein Defendant BORUNDA gave perjured testimony resulting in a hold over order by the Superior Court.

On July 13, 2012, plaintiff was released on his own recognizance by the Superior Court. On July 17, 2012, Plaintiff sought his first medical assistance at the Emergency Department of Martin Luther King Jr. Ambulatory Center in the City of Los Angeles. There plaintiff began long and painful treatment, which culminated in a surgery to the right shoulder on August 12, 2013. The surgery did not eliminate the pain or the physical disability associated with daily activities.

Plaintiff has been deprived of ability to seek gainful employment or maintain a healthy life due to these injuries.

In furtherance of the conspiracy to fraudulently convict plaintiff of the offenses they caused and knew him not to have committed, defendants, Defendants JOHN PARRA, JOEY REYNA, ALCENDA NEAL, JEFFREY BERT, DOES 1-10 and each of them, took aggressive measures to destroy and suppress discovery including, but not limited to LAPD's own video recordings of the incident from proprietary cameras at the location of the events herein described.

While Plaintiff's felony case was pending, Plaintiff filed a timely Claim for Damages with the City on December 20, 2012. He also filed a citizen complaint with LAPD Internal Affairs against the involved officers. Consistent with LAPD custom and practice of conducting shallow, superficial and biased investigations of citizen complaints against their own, on September 23, 2013 Plaintiff received a letter from Captain Gerald A. Woodyard, Patrol Commanding Officer, Southeast Community Police Station on behalf of LAPD Chief Charlie Beck wherein Woodyard determined Plaintiff's force allegations were Unfounded and that no investigation had been made into Plaintiff's reports of felony offenses against Plaintiff, including the willful falsification of crime reports, assaults under color of law, false arrest and conspiracy to fraudulently convict Plaintiff. Consequently, no officer involved in the wrongful misconduct against plaintiff has ever been held responsible or accountable in any manner and all of the aforesaid misconduct was pursuant to LAPD custom, practice and usage.

Plaintiff announced ready for trial on multiple occasions however, when the People announced they were unable to proceed, the charges were finally dismissed on December 2, 2013 By reason of the pendency of *People v. Adon Howard*, TA123905, this action has been tolled by operation of California Government Code section 945.3.

## FIRST CAUSE OF ACTION
### (VIOLATION OF CIVIL RIGHTS – UNREASONABLE

**SEIZURES, EXCESSIVE FORCE, FALSE ARREST,
IMPRISONMENT, DENIAL OF MEDICAL ASSISTANCE,
MALICIOUS PROSECUTION AND CONSPIRACY TO
DEPRIVE CONSTITUTIONAL RIGHTS - 42 U.S.C. § 1983)**

**(By Plaintiff Against All Individual Defendants)**

8.     Plaintiff refers to and re-pleads each and every allegation contained in paragraphs 1 through 7 of this complaint, and by this reference incorporate the same herein and make each a part hereof.

9.     This action at law for money damages arises under Title 42 U.S.C. § 1983 and the United States Constitution, the laws of the State of California and common law principles to redress a deprivation under color of state law of rights, privileges and immunities secured to Plaintiff by said statutes, and by the First, Fourth, and Fourteenth Amendments of the United States Constitution.

10.     Commencing at or about the aforementioned date and place, without cause or justification, and acting under color of law, Defendants CARLOS GONZALEZ #39642, RAMON BORUNDA #38727, HECTOR BEAS #38726, RICHARD DELGADO #39866, JOEL DOMINGUEZ #40030, ANDREW JENKINS #40039, Detective JOHN PARRA #27807, Sergeant JOEY REYNA #33185, Lt. ALCENDA NEAL #30599, Captain JEFFREY BERT #33112, and DOES 1-10, inclusive and each of them, intentionally and maliciously deprived Plaintiff of rights secured to him by the First, Fourth, and Fourteenth Amendments to the United States Constitution in that Defendants and each of them, subjected Plaintiff to unreasonable force, unlawful detention and arrest, theft of personal property, denial of timely medical treatment, a groundless criminal prosecution and a conspiracy to deprive the plaintiff of rights secured to him by the United States Constitution.

11.     Defendants, and each of them, carried out and perpetrated the mutually supportive conspiracy to deprive Plaintiff of his rights by participating in a corrupt effort to illegally seize,

book, and fraudulently convict plaintiff on false charges manufactured and supported by defendants.

12.     As a proximate result of the aforesaid acts and omissions of Defendants, and each of them, Plaintiff sustained great physical and mental pain and shock to his nervous system, fear, anxiety, torment, degradation and emotional distress.

13.     By reason of the aforementioned acts and omissions of Defendants, and each of them, Plaintiff incurred medical and therapeutic expenses in an amount as proved.

14.     In addition, by reason of the aforementioned acts and omissions of Defendants, and each of them, Plaintiff was kept from attending to his usual occupations, and has suffered loss and impairment of earnings and employment opportunities all to his damage in an amount as proved.

15.     By reason of the aforementioned acts of Defendants, and each of them, Plaintiff was compelled to secure the services of an attorney at law to redress the wrongs hereinbefore mentioned and by virtue thereof, Plaintiff is indebted and liable for attorney's fees.

16.     The aforementioned acts and omissions of Defendants were committed by each of them knowingly, willfully and maliciously, with the intent to harm, injure, vex, harass and oppress Plaintiff with a conscious disregard of Plaintiff's constitutional rights and by reason thereof, Plaintiff seeks punitive and exemplary damages from Defendants, and each of them, (except Defendant CITY) in an amount as proved.

## SECOND CAUSE OF ACTION

### (UNLAWFUL CUSTOM AND PRACTICE UNDER SECTION 1983)

**(By Plaintiff Against Defendant CITY)**

17.    Plaintiff refers to and repleads each and every allegation contained in paragraphs 1 through 16 of this complaint, and by this reference incorporate the same herein and make each a part hereof.

18.    Defendant CITY is and at all times herein mentioned has been a public entity and an incorporated municipality duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant CITY, possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the Los Angeles Police Department and its tactics, methods, practices, customs and usages related to internal investigations, personnel supervision and records maintenance, and the proper uses of force by its rank and file, generally.

19.    At all times herein mentioned, Defendants, and each of them, were employees acting under the CITY'S direction and control, who knowingly and intentionally promulgated, maintained, applied, enforced and suffered the continuation of policies, customs, practices and usages in violation of the First, Fourth and Fourteenth Amendments respectively to the United States Constitution, which customs, policies, practices and usages at all times herein mentioned required and encouraged the employment, deployment and retention of persons as peace officers who have demonstrated their brutality, dishonesty, bigotry, and numerous other serious abuses of their powers as peace officers in the employment of the CITY and LAPD.

20.    Defendant CITY knowingly maintains and permits official *sub-rosa* policies or customs of permitting the occurrence of the kinds of wrongs set forth above, by deliberate indifference to widespread police abuses, failing and refusing to impartially investigate, discipline or prosecute peace officers who commit acts of felonious dishonesty and crimes of

violence, each ratified and approved by CITY and LAPD.

21.    The unconstitutional policies, practices or customs promulgated, sanctioned or tolerated by Defendants CITY and LAPD include, but are not limited to:

(1) Defendant CITY and LAPD had knowledge, prior to and since this incident, of repeated allegations of abuse and assaultive misconduct toward detainees and arrestees; Specifically, CITY and LAPD knew Defendants Officer CARLOS GONZALEZ #39642, Officer RAMON BORUNDA #38727, Officer HECTOR BEAS #38726, Officer RICHARD DELGADO #39866, Officer JOEL DOMINGUEZ #40030,   Officer ANDREW JENKINS #40039, Detective JOHN PARRA #27807, Sergeant JOEY REYNA #33185, Watch Commander ALCENDA NEAL #30599, Commanding Officer JEFFREY BERT #33112, and DOES 1-10, inclusive and each of them, had in the past committed acts of police abuse, dishonesty and prevarication;

(2) Defendant CITY and LAPD had knowledge, prior to and since this incident, of similar allegations of abuse and dishonesty by Defendants, and refused to enforce established administrative procedures to insure the safety of detainees and arrestees;

(3) Defendant CITY and LAPD refused to adequately discipline individual officers and employees found to have committed similar acts of abuse and misconduct;

(4)  Defendant CITY and LAPD refused to competently and impartially investigate allegations of abuse and misconduct alleged to have been committed by LAPD officers;

(5) Defendant CITY and LAPD reprimanded, threatened, intimidated, demoted and fired officers who reported acts of abuse by other officers;

(6) Defendant CITY and LAPD covered up acts of misconduct and abuse by LAPD officers and sanctioned a code of silence by and among officers;

(7) Defendant CITY and LAPD rewarded officers who displayed aggressive and abusive behavior towards detainees and arrestees;

(8) Defendant CITY and LAPD failed to adequately train and educate officers in the use of reasonable and proper force and failed to enforce the department's written regulations with respect to uses of force;

(9) Defendant CITY and LAPD failed to adequately supervise the actions of officers under their control and guidance;

(10) Defendant CITY and LAPD condoned and participated in the practice of prosecuting known groundless criminal charges for the purpose of insulating the City of LOS ANGELES, LAPD and its officers from civil liability and reducing or dismissing criminal charges against individuals in return for release from civil liability;

(11)   Defendant CITY and LAPD condones and encourages a conspiracy of silence among its employees for the purpose of concealing and furthering wrongful and illegal conduct by its employees;

(12)   Defendant CITY and LAPD engaged in the practice and custom of withholding from criminal defendants, judges and prosecutors, known Brady evidence unfavorable to its officers in violation of law and the Constitution.

(13) Defendant CITY and LAPD fostered and encouraged an atmosphere of lawlessness, abuse and misconduct, which by July 4, 2012 and thereafter, represented the unconstitutional policies, practices and customs of the CITY and LAPD.

22.    By reason of the aforesaid policies, customs, practices and usages, plaintiffs'

rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution were deprived.

## THIRD CAUSE OF ACTION

### (VIOLATION OF 42 U.S.C. § 1985 (2))

### (By Plaintiff against All Individual Defendants)

23.     Plaintiff refers to and repleads each and every allegation contained in paragraphs 1 through 22 of this complaint, and by this reference incorporates and makes each a part hereof.

24.     Commencing July 4, 2012 and thereafter, Defendants Officer CARLOS GONZALEZ #39642, Officer RAMON BORUNDA #38727, Officer HECTOR BEAS #38726, Officer RICHARD DELGADO #39866,   Officer JOEL DOMINGUEZ #40030,   Officer ANDREW JENKINS #40039 and DOES two or more of them, in the State of California, County of Los Angeles, by reason of their animus against minorities, including African-Americans of which class Plaintiff belongs, invidiously discriminated against Plaintiff in that they willfully and maliciously assaulted and injured Plaintiff without just cause and then lied about the facts, by further falsifying the reports and probable cause declaration for arrest. Detective JOHN PARRA #27807, Sergeant JOEY REYNA #33185, Watch Commander ALCENDA NEAL #30599, Commanding Officer JEFFREY BERT #33112, and DOES 1-3 demonstrated invidious discrimination towards Plaintiff as African-American, and conspired together to act and fail to act in that they willfully failed to intervene in the use of force, failed to discipline and approved of their inferior officers' actions, failed to investigate properly and independently the facts of the incident,   maliciously falsified reports by filing charges and failed to disclose all exculpatory evidence in favor of Plaintiff, as hereinbefore alleged, for the purpose of impeding, hindering, obstructing and defeating the due course of justice in the State of California and County of Los Angeles.

25.     Defendants, and each of them, purposefully, under color of law, planned and conspired to deny Plaintiff equal protection of the laws by (a) denying the right to be free from unreasonable search and seizure; and (b) denying the right not to be deprived of property and liberty without due process of law.

26.     By virtue of the foregoing, Defendants, and each of them, violated 42 U.S.C § 1985 (2).

27.     As a direct and proximate result of the foregoing, Plaintiff has been damaged as recited above and demands and is entitled to the damages recited in the First Cause of Action, including but not limited to, general and punitive damages (except as to Defendant CITY) and attorney's fees.

**FOURTH CAUSE OF ACTION**
**(VIOLATION OF 42 §1985 (3))**
**(By Plaintiff Against All Individual Defendants)**

28.     Plaintiff refers and repleads each and every allegation contained in paragraphs 1 through 27 of this complaint, and by this reference incorporates the same herein and makes each a part hereof.

29.     By virtue of the foregoing, Defendants and two or more of them, conspired for the purpose of depriving of Plaintiff of (a) equal protection of the law; and (b) equal protection and immunities under the law; and for the purpose of (ii) preventing and hindering the constituted

14

authorities from giving and securing Plaintiff equal protection of the law and deprivation of liberty and property without due process of law.

30.     Defendants, and each of them, did and caused to be done, an act or acts in furtherance of the object of the conspiracy, whereby Plaintiff was deprived of the rights and privileges as set forth above.

31.     As a direct and proximate result of the foregoing, Plaintiff has been damaged as recited above and is entitled to the damages recited in the First Cause of Action, including, but not limited to, general and punitive damages (except as to Defendant CITY) and attorneys' fees.

<u>**FIFTH CAUSE OF ACTION**</u>

**ASSAULT AND BATTERY**

**(By Plaintiff Against Defendants CITY and all individual defendants, DOES 1-10)**

32.     Plaintiff refers to and re-pleads each and every allegation contained in paragraphs 1 through 31   of this complaint, and by this reference incorporates the same herein and makes each a part hereof.

33.     On or about December 20, 2012 Plaintiff timely filed a Claim with Defendant CITY pursuant to California Government Code §910. Said claim was rejected on February 1, 2013. Applicable statutes of limitation have been tolled by virtue of the Government Code Section 945.3 and the above referenced criminal prosecution until December 2, 2013.

34.     At the aforementioned date, time and place, to wit July 4, 2012, Defendants

Officer CARLOS GONZALEZ #39642, Officer RAMON BORUNDA #38727, Officer

HECTOR BEAS #38726, Officer RICHARD DELGADO #39866, Officer JOEL DOMINGUEZ

#40030, Officer ANDREW JENKINS #40039, and each of them, assaulted and battered

Plaintiff.

35.    By reason of the acts aforesaid, Plaintiff was placed in great fear for his life and

safety and physical and emotional well being.

36.    As a direct and proximate result of the foregoing, Plaintiff has been damaged as

recited above and demands and is entitled to the damages recited in the First Cause of Action,

including, but not limited to, general and punitive damages (except as to Defendant CITY) and

attorney's fees.

## SIXTH CAUSE OF ACTION
### (FALSE IMPRISONMENT/ARREST)
### (By Plaintiff Against all Defendants, CITY and individual defendants DOES 1-10)

37.    Plaintiff refers to and repleads each and every allegation contained in paragraphs 1

through 36 of this complaint, and by this reference incorporates the same herein and makes each

a part hereof.

38.    On or about July 4, 2012 at Los Angeles County California, Plaintiff was caused to

be unlawfully seized and arrested by Defendants, and each of them, maliciously and without

warrant or order of commitment or any other legal authority of any kind as plaintiff had not

committed any crime or public offense but rather had been the victim of a violent, malicious

16

criminal assault and battery by Defendants Officer CARLOS GONZALEZ #39642, Officer
RAMON BORUNDA #38727, Officer HECTOR BEAS #38726, Officer RICHARD
DELGADO #39866,    Officer JOEL DOMINGUEZ #40030, Officer ANDREW JENKINS
#40039.

39.    As a proximate result of the acts of defendants, and all of them, Plaintiff has
suffered damages, loss and harm.

40.    As a direct and proximate result of the foregoing, Plaintiff has been damaged as
recited above and demands and is entitled to the damages recited in the First Cause of Action,
including, but not limited to, general and punitive damages (except as to Defendant CITY) and
attorney's fees.

## SEVENTH CAUSE OF ACTION
### TORTS IN ESSENCE
### (By Plaintiff Against All Defendants)

41.    Plaintiff refers to and repleads each and every allegation contained in paragraphs
1 through 40 of this complaint, and by this reference incorporates the same herein and makes
each a part hereof.

42.    Defendants and each of them, owed to Plaintiff non-consensual duties imposed by
California Penal Code Sections 118.1 (false police report by peace officer), 148.5 (false report of
a crime to law enforcement), 134 (preparing false evidence), 132 (offering false evidence), 127
(subornation of perjury), 137 (induce false testimony), 147 (willful oppression and inhumanity to
a prisoner), 149 (felonious excessive force by a peace officer); 182(1) (conspiracy to commit
crime), 182(2) (conspiracy to obstruct justice), 240 (assault), and 242 (battery), 270

(kidnapping), 832.5, (citizen complaint investigations required); 4024 (prompt release from custody), 484 (theft of personal property of another) and   Government Code § 1031(d) (background investigations required.)

43.     Defendants, and each of them, failed to abide by said non-consensual duties in that Defendants, and each of them, violated the aforesaid Penal Code sections.

44.     As a direct and proximate result of the foregoing, Plaintiff has been damaged as recited above and demands and is entitled to the damages recited in the First Cause of Action, including, but not limited to, general and punitive damages (except as to Defendant CITY) and attorney's fees.

## EIGHTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

#### (By Plaintiff Against All Defendants)

45.     Plaintiff refers to and repleads each and every allegation contained in paragraphs 1 through 44 of this complaint, and by this reference incorporates the same herein and makes each a part hereof.

46.     On or about July 4, 2012 and thereafter, Plaintiff was entitled to the duty of due care by Defendants, and each of them, including but not limited to, the care, service and protection by Defendants.

47.     On or about said date, and thereafter, Defendants and each of them, unlawfully caused Plaintiff to be assaulted, battered, kidnapped, refused medical attention, jailed, booked

and subjected to a criminal conspiracy among themselves to shield themselves, LAPD and the CITY from wrongful misconduct thereby causing plaintiff extreme emotional distress.

48.     In doing the aforementioned, Defendants' conduct was intentional, outrageous, malicious, and done for the purpose of or with reckless disregard for the consequences, causing Plaintiff to suffer emotional suffering and mental distress, the indignity of an arrest, booking, fear, anxiety, and mental anguish.

49.     As a direct and proximate result of the foregoing, Plaintiff has suffered, and continues to suffer, mental and emotional distress and is entitled to and demands damages against Defendants jointly and severally, as recited in the First Cause of Action, including, but not limited to general and punitive damages (except as to Defendant CITY).

## NINTH CAUSE OF ACTION

### NEGLIGENCE

### (By Plaintiff Against All Defendants)

50.     Plaintiff refers to and repleads each and every allegation contained in paragraphs 1 through 49 of this complaint, and by this reference incorporates the same herein and makes each a part hereof.

51.     On or about July 4, 2012 and thereafter, plaintiff was entitled to the duty of due care by Defendants and each of them.

52.     On or about said date, Defendants, and each of them, breached the duty of due care owed to plaintiff in that Defendants negligently subjected Plaintiff physical and mental injury harm and damage.

53.    In doing the aforementioned acts, Defendants' breach of duty was negligent, and caused Plaintiff to suffer physical pain, emotional and mental distress, the indignity of an arrest, fear, anxiety, and mental anguish.

54.    As a direct and proximate result of the foregoing, Plaintiff has suffered, and continues to suffer, mental and emotional distress and is entitled to and demands damages against Defendants jointly and severally, as recited in the First Cause of Action, including, but not limited to general damages.

## TENTH CAUSE OF ACTION

### NEGLIGENT EMPLOYMENT/RETENTION/SUPERVISION

**(By Plaintiff Against Defendants** Detective JOHN PARRA #27807, Sergeant JOEY REYNA #33185, Watch Commander ALCENDA NEAL #30599, Commanding Officer JEFFREY BERT #33112, and DOES 1-10**)**

55.    Plaintiff refers to and re-pleads each and every allegation contained in paragraphs 1 through 54 of this complaint, and by this reference incorporates the same herein and makes each a part hereof.

56.    On or about July 4, 2012 and for at least 10 years prior thereto, Defendants Detective JOHN PARRA #27807, Sergeant JOEY REYNA #33185, Watch Commander ALCENDA NEAL #30599, Commanding Officer JEFFREY BERT #33112, were supervising employees of the Los Angeles Police Department during the operative events described above. Detective JOHN PARRA #27807, Sergeant JOEY REYNA #33185, Watch Commander ALCENDA NEAL #30599, Commanding Officer JEFFREY BERT #33112, knew or in the

exercise of due care should have known, that Officer CARLOS GONZALEZ #39642, Officer RAMON BORUNDA #38727, Officer HECTOR BEAS #38726, Officer RICHARD DELGADO #39866, Officer JOEL DOMINGUEZ #40030, Officer ANDREW JENKINS #40039, DOES 1-10,    and each of them, had a propensity, character trait, and practice, while purporting to act under color of law, for bias, corruption, violence and dishonesty.

57.    At all times mentioned herein, Defendants knew or in the exercise of due care should have known, that the aforedescribed traits of character, practices and propensities of Defendants Officer CARLOS GONZALEZ #39642, Officer RAMON BORUNDA #38727, Officer HECTOR BEAS #38726, Officer RICHARD DELGADO #39866,    Officer JOEL DOMINGUEZ #40030, Officer ANDREW JENKINS #40039, DOES 1-10 and each of them, made them unfit to serve as peace officers and were likely to cause harm and injury to members of the public, including plaintiff.

58.    Notwithstanding such knowledge, Defendants negligently, carelessly and recklessly, failed to properly supervise, train and control Defendants Officer CARLOS GONZALEZ #39642, Officer RAMON BORUNDA #38727, Officer HECTOR BEAS #38726, Officer RICHARD DELGADO #39866,    Officer JOEL DOMINGUEZ #40030, Officer ANDREW JENKINS #40039,    DOES 1-10,    and each of them, inclusive, as peace officers and assigned said Defendants to duties which enabled each of them to violate the law and LAPD written policies, including but not limited to making illegal arrests, fabricating probable cause and crimes, maliciously prosecuting    innocent persons, using excessive force and covering up repeated acts of police misconduct and crimes, all while purporting to act under the color of law.

59.    As a direct and proximate result of the foregoing, Plaintiff has been damaged as recited above and demands and is entitled to the damages recited in the First Cause of Action,

including, but not limited to, general damages.

## ELEVENTH CAUSE OF ACTION

### VIOLATIONS OF CALIFORNIA CIVIL RIGHTS ACT

**(By Plaintiff Against All Defendants)**

60.     Plaintiff refers to and repleads each and every allegation contained in paragraphs 1 through 59 of this complaint, and by this reference incorporates the same herein and makes each a part hereof.

61.     On or about the above stated dates, and sometime prior thereto, Defendants and each of them by way of threats, force, intimidation, violated Plaintiff's civil rights, by way of threats, force, guaranteed by the United States Constitution, federal law, the California Constitution and the laws of the State of California thereby violating California Civil Code Sections 51.7 and 52.1(a)(b).

62.     As a proximate result of the aforementioned acts of Defendants, and each of them, Plaintiff suffered damage in a sum according to proof, and is entitled to the damages, statutory damages, treble damages, attorney's fees and costs provided for by Civil Code sections 52 and 52.1.

**PRAYER**

WHEREFORE, Plaintiff prays judgment against Defendants and each of them, as follows:

AS TO EACH CAUSE OF ACTION AS APPLICABLE

1.     For General damages according to proof;

2.     For Special damages according to proof;

22

3.      For Punitive damages as provided by law, in an amount to be proved against each

individual Defendant;

4.      For attorney's fees pursuant to 42 U.S.C § 1988 and California Civil Code §§52,

and 52.1;

5.      For Costs of suit;

6.      For such other and further relief as the Court may deem proper.

DATED:      May 13, 2014              The Beck Law Firm
                                      The Law Office of Narine Mkrtchyan


                          By:    _____
                                 Thomas E. Beck
                                 Narine Mkrtchyan
                                 Attorneys for Plaintiff

## PLAINTIFF'S JURY TRIAL DEMAND

Plaintiff hereby demands trial by jury.

DATED:    May 13, 2014                    The Beck Law Firm
                                          The Law Office of Narine Mkrtchyan


                                          _____
                                          By:    Thomas E. Beck
                                                 Narine Mkrtchyan
                                          Attorneys for Plaintiff