**Thomas E. Beck (81557)**
**THE BECK LAW FIRM**
10377 Los Alamitos Blvd,
Los Alamitos, CA 90720
Tel. (562) 795-5835
Fax. (562) 795-5821
Email: becklaw@earthlink.net

**Narine Mkrtchyan (243269)**
**LAW OFFICES OF NARINE MKRTCHYAN**
5670 Wilshire Blvd, Suite 1800
Los Angeles, CA 90036
Tel. (818) 388-7022
Fax. (818) 243-3611
E-mail: narine56@msn.com

Attorneys for Adon Howard

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **Adon Howard**, <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF LOS ANGELES, CARLOS GONZALEZ #39642, individually and as a peace officer, RAMON BORUNDA #38727, individually and as a peace officer, HECTOR BEAS #38726, individually and as a peace officer, RICHARD DELGADO #39866, individually and as a peace officer, JOEL DOMINGUEZ #40030, individually and as a peace officer, ANDREW JENKINS #40039, individually and as a peace officer, Detective JOHN PARRA #27807, individually and as a peace officer, Sergeant JOEY REYNA #33185, individually and as a peace officer, Lt. ALCENDA NEAL #30599, individually and as a peace officer, Captain JEFFREY BERT #33112, individually and as a peace officer and DOES 1-10 . <br><br> Defendants, | Case No. **CV 14-03687 FMO(ASx)** <br><br> **AMENDED STIPULATION FOR PROTECTIVE ORDER** <br><br> **Assigned to Trial Judge: Hon. Fernando M. Olguin** |

## I.   PURPOSES AND LIMITATIONS

This Protective Order concerns the disclosure and/or ordered production of any and all documents and things which are believed by Defendants, in good faith, to be privileged, confidential, private or sensitive.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles  This Protective Order is intended to cover documents and things disclosed pursuant to discovery, stipulation or court order.

## II.   GOOD CAUSE STATEMENT

This action is likely to involve the disclosure of private, privileged, and confidential personnel records including prior allegations of misconduct and allegations of misconduct involving the underlying incident for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and privileged materials consists of:

///

///

[A] Any and all personnel complaints brought against any named police officer defendant in this case, and any documents related to those complaints, including both compelled and non-compelled statements;

[B] The Use of Force review conducted regarding the force used during the underlying incident by involved officers

[C] LAPD Internal Affairs' report regarding the incident underlying this case;

[D] The redacted TEAMS reports for each of the Defendant Officers

[E] Any and all documents related to the operation, maintenance, repairs, calls for service, preservation, internal procedures and protocol with regard to the video cameras at Nickerson Gardens operated by LAPD.

All of this information is held and kept by the Los Angeles Police Department as confidential and generally unavailable to the public, or may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution for disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, and to ensure the parties are permitted reasonable necessary uses of such material in preparation for in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for

such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

### III. DEFINITIONS

1. <u>Action</u>:   This pending federal law suit.

2. <u>Challenging Party</u>:    A party or Non-Party that challenges the designation of information or items under this Order.

3. <u>"CONFIDENTIAL" Information or Items</u>:    Information regardless of how it is generated, stored or maintained, or tangible things that qualify for protection under the Rules of Civil Procedure, federal or state statutes, common law, or otherwise as specified above.

4. <u>Counsel</u>: Designated Counsel of Record

5. <u>Designating Party</u>:    A Party that designates information or items that it produces in disclosures or in response to discovery as "CONFIDENTIAL".

6. <u>Receiving Party</u>:    A Party that received Confidential Information or items produced in response to discovery which is marked "CONFIDENTIAL" or some such other designated marking.

7. <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness in this Action.

8. <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

9. <u>Protected Material</u>: Any disclosure or discovery material designated as "CONFIDENTIAL"

**IV.   SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

**V.   DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action,

including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**VI. Manner and Timing of Designations.**

Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), along with the Case Name and Case Number, or some other similar designation, to each page that contains protected material.

(b) for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the

legend "CONFIDENTIAL."

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## VII. CHALLENGING CONFIDENTIALITY DESIGNATIONS

Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## VIII. ACCESS TO AND USE OF PROTECTED MATERIAL

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material

may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions herein described. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Counsel of Record in this Action, including any support staff or investigators working for Counsel of Record.

(b) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound";

(c) the court and its personnel;

(d) court reporters and their staff;

Prior to the disclosure of any Confidential Information to any person described in paragraph (a) and (b) above, Receiving Party shall first provide any such person with a copy of this stipulated protective and shall cause him or her to execute, on a second copy which counsel shall thereafter serve on the other party the following acknowledgement, called the "Acknowledgment and Agreement to

Be Bound":

"I understand that I am being given access to Confidential Information pursuant to the foregoing stipulation and order. I have read the Order and agree to be bound by its terms with respect to the handling, use and disclosure of such Confidential Information.

Dated:

_____/s/_____"

## IX.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be

pursued by the Designating Party whose Protected Material may be affected. If the Designating Party seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material.

      Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## X. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the

"Acknowledgment and Agreement to Be Bound" that is described herein.

## XI. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

## XII. MISCELLANEOUS

Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective

Order.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Any pleadings, motions, briefs, declarations, stipulations, exhibits or other written submissions to the Court in this litigation which contain, reflect, incorporate or refer to Confidential Information shall be filed and maintained under seal, after written application to the Court made. If the Court approves the application to file the documents under seal, the original and judge's copy of the document shall be sealed in separate envelopes with a title page affixed to the outside of such envelope.

Prior to the filing of the written application required by LR 79-5.1, if either party comes across a particular document that: (1) does not fall within the definition of "confidential Information" contained; and that (2) the parties contend should also be filed under seal, the parties will meet and confer and discuss stipulating to seal that specific document if and when the need arises.  At the parties' meet and confer prior to the filing of any motion, the parties will address the submission of supporting evidence so that any party wishing to seek an order sealing said documents in opposition to or in support of any motion (beyond the proposed categories) has an advance opportunity to see such an order if a stipulation cannot be reached.  The parties must address the anticipated submission of documents or information marked "confidential" in support of or opposition to any intended motion at the parties' conference of counsel prior to the filing of any

motion.

Counsel for the parties hereto agree to request that any motions, applications or other pre-trial proceedings which could entail the discussion or disclosure of Confidential Information be heard by the Court outside the presence of the jury, unless having heard from counsel, the Court orders otherwise. Counsel for the parties further agree to request that, during any portion of the trial of this action which could entail the discussion or disclosure of Confidential Information, access to the courtroom be limited to parties, their counsel and other designated representative, experts or consultants who agree to be bound by this stipulation, and court personnel, unless having hear from counsel, the Court orders otherwise. Nothing herein shall prejudice any party's rights to object to the introduction of any Confidential Information into evidence, on grounds including but not limited to relevance and privilege.

Any document or other material that has been designated as "Confidential" may only be filed under seal pursuant to a Court Order authorizing the sealing of the specific Material at issue. If a party's request to file material subject to this Protective Order under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

## XIII.  FINAL DISPOSITION

After the final disposition of this Action each Receiving Party must return all Protected Material to the Producing Party immediately. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. This Protective Order survives any trial and/or appeal.

**IT IS SO STIPULATED:**

Dated: January 9, 2015

                                **THE BECK LAW FIRM**

                          By: _____/s/Thomas Beck_____
                                  **THOMAS E. BECK**

**LAW OFFICES OF NARINE MKRTCHYAN**

By: _____/s/Narine Mkrtchyan_____
**NARINE MKRTCHYAN**
Attorneys for Plaintiff, Adon Howard

Dated: January 9, 2015

**Michael N. Feuer**, City Attorney
**Thomas H. Peters**, Chief Assistant City Attorney
**Cory M. Brente**, Supervising Asst City Attorney

By: _____/s/Elizabeth Mitchell_____
**ELIZABETH MITCHELL**
Attorneys for Defendants City of Los Angeles, et al.

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED:**

Dated: <u>January 15, 2015</u>          _____/ s /_____
**HONORABLE ALKA SAGAR**
**UNITED STATES MAGISTRATE JUDGE**