MARK J. SALADINO, County Counsel
JENNIFER A.D. LEHMAN, Assistant County Counsel
STEPHEN T. NIWA, Deputy County Counsel
(SBN 231990) • *sniwa@counsel.lacounty.gov*
648 Kenneth Hahn Hall of Administration
500 West Temple Street
Los Angeles, California 90012-2713
Telephone: (213) 974-1905 · Fax: (213) 626-2105

Attorneys for Los Angeles County District
Attorney's Office

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADON HOWARD,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES; et al.,<br><br>Defendants. | Case No. CV 14-03687 FMO (ASx)<br><br>**DISCOVERY MATTER**<br><br>**AMENDED STIPULATION FOR PROTECTIVE ORDER FOR DISTRICT ATTORNEY FILES**<br><br>[FED. R. CIV. P. 26(C)]<br><br>*Before the Hon. Alka Sagar* |

**IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:**

Plaintiff ADON HOWARD ("Plaintiff"), Defendants CITY OF LOS ANGELES, et al. ("Defendants") (collectively, "the Parties"), and the Office of the Los Angeles County District Attorney ("DA COR"), through their respective attorneys, hereby stipulate, agree and request that this Court enter the following Protective Order set forth below regarding (a) documents and materials from the District Attorney's files that the DA COR provides to Plaintiffs during this action;

(b) any related testimony provided at a deposition or an evidentiary hearing in this matter; and (c) any reference to such documents or testimony in the parties' or witnesses' pleadings or papers submitted to the Court:

1. The attorneys for Plaintiff Adon Howard issued a subpoena duces tecum by serving the DA COR with a subpoena for the production, inspection and copying of all DA records and files related to the criminal prosecution in *People v. Adon Howard*, Los Angeles County Superior Court Case Number TA123905.

2. The DA will produce documents, in the Office of the Los Angeles County District Attorney's possession, custody or control, in compliance with the subpoena duces tecum issued as noted in paragraph 1 above. Specifically, the DA will produce, subject to the Protective Order as set forth below, all non-privileged documents in its possession, custody or control, responsive to the subpoenas duces tecum.

3. The DA maintains and asserts through this stipulation and its objections to the subpoena, that it has a legitimate need to limit access of information on the grounds that disclosure of information in the materials requested would (a) implicate the subjects' rights to privacy, (b) endanger the personal safety of the subjects, (c) disclose confidential official information, (d) disclose attorney work product, (e) harm and interfere with other criminal prosecutions, (f) disclose information protected by the deliberative processes privilege. The DA maintains and asserts that it has a legitimate need to limit access to information about internal decision making for the conduct and course of prosecutions. The DA maintains and asserts that it has a legitimate need to meet its obligations to maintain confidentiality and/or privacy of information as required by statute and judicial decision, and to assure personal safety of potential witnesses in its prosecutions.

4. Plaintiff and the DA have met and conferred pursuant to Local Rule 37-1 and are desirous of resolving the disputes about disclosure and use of information

acquired by Plaintiff from the Office of the Los Angeles County District Attorney and its personnel.

5.  To comply with Plaintiff's subpoena duces tecum expeditiously, to regulate the disclosure and use of information from the DA, and to meet the above identified needs of DA, the following procedures and limitations shall govern the use, disclosure, distribution or dissemination of all documents and other tangible things, and the information contained therein (collectively referred hereinafter as "The PROTECTED DOCUMENTS"), either previously or henceforth produced by the DA to Plaintiff and to his counsel:

a.  The PROTECTED DOCUMENTS shall be used solely in connection with the preparation and trial of this action (*Adon Howard v. City of Los Angeles*, et al. CV 14-03687), or any related appellate proceeding, and not for any other purpose, including any other litigation. This paragraph shall not preclude the Parties' attorneys of record in this case from indicating, in connection with discovery or a discovery motion in another action, an awareness of responsive documents. In indicating such awareness in any other action, the Parties' attorneys of record shall not disclose the substance of the Confidential Information.

b.  The PROTECTED DOCUMENTS shall be treated as confidential by the Parties and their counsel and shall not be further disclosed, disseminated or otherwise distributed except as provided in this Protective Order.

c.  The PROTECTED DOCUMENTS, or any portion thereof, may not be disclosed, distributed or disseminated except as provided in subparagraph (d) below.

d.  The PROTECTED DOCUMENTS, or any portion thereof, may only be disclosed to the following persons:

(1)  Counsel for the Parties only and specifically not to the individual parties with the exception of any recordings, written or otherwise, of any party's own statements;

(2) All members of the Parties' legal teams, including, but not limited to, paralegal, investigative, support, stenographic, clerical and secretarial and related personnel regularly employed by counsel referred to in subparagraph (1) above.

(3) The Court and Court personnel, including stenographic reporters engaged in such proceedings as are necessarily incidental to preparation for the trial of this action; and

(4) Expert witnesses designated by the Parties' counsel solely for the purpose of this litigation.

e. Furthermore, each person (except Court personnel) to whom disclosure of The PROTECTED DOCUMENTS, or any portion thereof, is made, with the exception of those identified in subparagraph d. above who are presumed to know the contents of this Protective Order, shall, prior to the time of disclosure, be provided a copy of this Protective Order by the person furnishing him/her such material, and shall agree on the record or in writing that he/she has read the Protective Order, and that he/she understands the provisions of the Protective Order, and that he/she agrees to be bound by the provisions of this Protective Order. Such person (except Court personnel) also must consent in writing to be subject to the jurisdiction of the United States District Court, Central District of California, with respect to any proceeding relating to enforcement of this Order, including without limitation, any proceeding for contempt. Unless made on the record in this litigation, counsel making the disclosure to any person described above shall retain the original executed copy of said agreement until final termination of this litigation.

f. Any use of the PROTECTED DOCUMENTS at trial shall be governed by the orders of the trial judge. This Order does not govern the use of PROTECTED DOCUMENTS at trial. The parties further acknowledge that this Stipulated Protective Order does not entitle them to file the PROTECTED DOCUMENTS under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court

to file material under seal. Accordingly, the PROTECTED DOCUMENTS may only be filed under seal pursuant to a court order authorizing the sealing of the specific material sought to be filed. If a Party's request to file PROTECTED DOCUMENTS under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

     6.    Nothing in paragraph 5 is intended to prevent officials or employees of the County of Los Angeles or other authorized governmental officials from having access to the PROTECTED DOCUMENTS if they would have had access in the normal course of their job duties. Further, nothing in this Protective Order prevents subsequent attorneys representing the Parties in a re-trial or other post-trial proceedings from gaining access to the PROTECTED DOCUMENTS to the extent they are otherwise available through ordinary discovery procedures or similar means. Finally, nothing in this order precludes a witness from disclosing events or activities personal to him or her; that is, a witness can disclose to others information previously given to the County of Los Angeles with respect to what he or she saw, heard or otherwise sensed.

     7.    The foregoing is without prejudice to the right of the Parties and the DA:

     a.    To apply to the Court for a further protective order relating to confidential material or relating to discovery in this litigation; and

     b.    To apply to the Court for an order compelling production of documents or modification of this protective order or for any order permitting disclosure of documents or the information contained therein the terms of this protective order.

     c.    The Parties do not waive any right to assert, inter alia, that the DA does not have a legitimate interest or need to limit access to documents reflecting and/or related to its internal decision making process regarding this INCIDENT and do not waive their rights seeking discovery of these documents. The Parties do not waive their rights to seek disclosure of any and all documents in the possession of the DA

relating to the District Attorney files for the cases subpoenaed and identified above on any and all applicable grounds, including but not limited to his rights and guarantees afforded under the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

8. Once the Protective Order issues, the following schedule will take effect, subject to extraordinary circumstances or by mutual agreement of the Parties and the DA:

a. Within Fifteen (15) days of the notice to counsel for the DA, of the Court's entry of the Protective Order, the DA will make available, for inspection and/or photocopying all available subpoenaed documents including all electronic documents in its custody or control, which are responsive to the above-referenced subpoenas duces tecum. The Parties will bear the cost of duplicating the materials.

b. The Parties shall place a stamp on each PROTECTED DOCUMENT marked "Confidential–Subject to Protective Order" on only the hard (paper) copies of documents printed and used from the electronic disk or obtained via hard copy and used in the course of this litigation. If through its inadvertence, surprise or neglect, the Parties do not label a PROTECTED DOCUMENT as indicated, counsel for the Parties shall so notify the DA and shall place the phrase "Confidential–subject to Protective Order," on the PROTECTED DOCUMENT.

c. Within Thirty (30) days after the date that an Order terminating this litigation becomes no longer subject to judicial review, counsel for the Parties shall promptly return to the DA all copies of the PROTECTED DOCUMENTS and shall certify it has not retained any such documents, or portions thereof except as required by the Court.

9. This Protective Order, when entered into by the Court, shall be retroactive to the date of the initial disclosure of any documents made by the DA in this matter.

10. This Protective Order is entered into without prejudice to the right of any party and/or the DA to file any motion for relief from the Court from any restriction hereof or for any other or further restriction on the production, exchange, or use of any documents, testimony, or other information produced, given, or exchanged in the course of discovery in this action.  This Order may be modified, amended, or vacated by further Order of the Court.  The DA will not will not file a motion to quash/modify the subpoenas at issue.

11. This Protective Order shall survive the final determination for this action and shall remain in full force and effect after conclusion of all proceedings herein, and the court shall have continuing jurisdiction to enforce its terms.

////

////

////

////

////

////

////

////

**IT IS SO STIPULATED.**

Respectfully submitted,

DATED: September 29 2015___   JOHN F. KRATLI
County Counsel


By_____/s/Stephen T. Niwa_____
STEPHEN T. NIWA
Deputy County Counsel
Attorneys for Los Angeles County District Attorney's Custodian of Record

DATED: September 29, 2015   THE BECK LAW FIRM


By_____/s/Thomas E. Beck_____
Thomas E. Beck
*Attorney for Plaintiff Adon Howard*

DATED: September 29, 2015   THE LAW OFFICE OF NARINE MKRTCHYAN


By_____/s/Narine Mkrtchyan_____
Narine Mkrtchyan
*Attorney for Plaintiff Adon Howard*

DATED: September 29, 2015   OFFICE OF THE LOS ANGELES CITY ATTORNEY


By_____/s/Surekha Pessis_____
Surekha Pessis
*Attorneys for Defendants*

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED,


_____/ s /_____
DATED: September 29, 2015   Hon. Alka Sagar
United States Magistrate Judge